I can not escape the conclusion that the remarks of Judge Bradbury found near the close of his opinion in the case of State, ex rel, v. Morris et al, 63 O. S., 496, is purely obiter ■dictum, and not only so, but it seems to me unsound as a matter of law. This statement that the annual board of equalization for the year 1901 was superseded by the board of revision was clearly not called for by any question presented in that •ease. The court was considering only the two acts known as the Hendley Law and the Royer Law, which, it is claimed, were in irreconcilable conflict. The sections of the statute which provided for the annual boards of equalization were in no wise involved and were not under consideration by the court. The learned judge himself, in stating the question at issue, states it .as put by the attorney-general, and appears to regard this as a correct statement of the question presented, to-wit: Has the Legislature of Ohio authorized the creation of boards of revision to revise the work of the decennial county and city boards of equalization or either of such boards 1 There was no question involved as to the right of the decennial board of, equalization *523 sitting as a board of revision to revise tbe work of tbe annual board of equalization for the year 1901.
From a careful examination of the several acts involved, I am unable to see any reason for the statement that the annual board of equalization for the year 1901 was superseded by the board of revision. The statute seems to me to contemplate that the board of revision sits only to correct the work of decennial boards of equalization. The complaints which are provided for and which are to be filed with the auditor on or before the 15th day of May following the completion of the work of the board of equalization are complaints “against any valuation of the decennial city board.” It is denominated a board of revision. The necessity of such work is clearly pointed out by Judge Bradbury, and that for the reason that no provision is made for the hearing before the board of equalization when it sits as such board, and it is for that reason that the Legislature provided that if there were complaints against its work it should sit as a board of revision. Its powers are not that of a board of equalization, as it can only act in eases where complaint is made. A board of equalization is not so hampered and limited in the scope of its operation and it is not, therefore, fitted to take the place of a board of equalization. Furthermore the annual board of equalization, by statute, is required to meet at a different and earlier date than that fixed for the meeting of the decennial board of equalization sitting as a board of revision, and might be already in session and engaged in the performance of its duties before the time fixed for the meeting of the board of revision.
But there is another and, to my mind, more important consideration, and one which has much to do with my conclusion, that it was not the legislative intention that this board of revision should do more than revise its own work as a board of equalization, and that is the application of the familiar rule of statutory construction that statutes in pwi materia arfe to be construed together in arriving at the legislative intent where this is at all doubtful. This rule will be found stated in the case of the City of Cincinnati v. Quckenberger, 60 O. S., 353, in this language:
*524 “A code of statutes relating to one subject is presumed to be governed by one spirit and policy, and intended to be consistent and harmonious; and all of the several sections are to be construed in order to arrive at the meaning of any particular ones, and contrary intent is clearly manifest.”
This principle is stated with some elaboration by Judge Spear in the opinion at page 370. These statutes in question are part of Chapter 4 of Title 13 of the Revised Statutes of Ohio, the subject of the chapter being “boards of equalization.” Several other sections found in this chapter provide that boards of equalization shall or may, in certain contingencies, sit as boards of revision. Section 2805a provides that the annual boards of equalization in Cleveland and Cincinnati may sit as boards of revision, and “shall sit as the board of revision of such acts done by it as a board of equalization at the previous meeting thereof, as the county auditor may present to it for its revision.” Section 2814-3, Section 3, relating to the Hamilton County Board of Revision, provides, “that said board shall consider only such of its previous acts as the county auditor or apy tax-payer may present to it for revision,” etc. Section 2814-8, Section 3, relating to boards of revision in Cuyahoga county, provides that, “said boards respectively shall consider only such of its previous acts as the county auditor or any tax-payer may present to it for revision,” etc.
Those several sections of the statute all relating to the one subject of boards of revision are presumed to be governed by one spirit and policy, and considering them together under this rule of statutory construction, it seems to me to plainly disclose a legislative intention that the work of these boards is to be confined to a revision of their own prior work as boards of equalization, and certainly there is nothing in Section 2814a which in the language of the Supreme Court in Cincinnati v. Guckenberger makes clearly manifest a contrary intention.
An application of this rule of statutory construction very closely analogous to this will be found in the case of Jones v. Carr, 16 O. S., 420, where the court, in construing the Civil Code provision with respect to trial of a claimant’s right to property seized by a sheriff under color of process in attach *525 ment or execution by provision in the Justice Code upon the same subject was construed in arriving at the legislative iiitention.
E. W. Courtright, for plaintiff.
Dyer, Williams <& Stouffer, for defendant.
In view of these considerations and the fact that the statement of Judge Bradbury, while entitled, of course, to careful consideration, coming from such a source, seems to me clearly to be obiter dictum, and a statement made by the learned judge doubtless without careful consideration, because not involved in a decision of the case, and, therefore, the demurrer must be overruled.